Chris A. Hollinger (SBN 147637)
chollinger@omm.com
Kaitlyn A. Gosewehr (SBN 313458)
kgosewehr@omm.com
Christopher B. Phillips (SBN 330256)
cphillips@omm.com
Andrew N. Ezekoye (SBN 360536)
aezekoye@omm.com
O'MELVENY & MYERS LLP
2 Embarcadero Center, 28th Floor
San Francisco, California  94111
Telephone:    (415) 984-8700
Facsimile:    (415) 984-8701

Laura K. Kaufmann (SBN 329714)
lkaufmann@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, Suite 1900
Los Angeles, California  90071
Telephone:    (213) 430-6000
Facsimile:    (213) 430-6407

Asher Smith (NY Bar #5379714) (admitted *pro hac vice*)
Raquel Panza (NY Bar #5963251) (admitted *pro hac vice*)
PETA FOUNDATION
1536 16th Street, NW
Washington, DC  20036
Telephone:    (202) 483-7382
Facsimile:    (202) 540-2208

*Counsel for Plaintiff People for the Ethical Treatment of Animals, Inc.*

*(Additional party listed on signature pages)*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| People for the Ethical Treatment of Animals, Inc. <br><br> Plaintiff, <br><br> v. <br><br> The Barry R. Kirshner Wildlife Foundation; Roberta Kirshner; Sean Castro; Brian Thomas; Janra Enterprises; Terrific, LLC; Megan Swartz; Big Cat Refuge; Ryan Carlson; and John-Thomas Terlitsky, <br><br> Defendants. | No. 2:25-cv-01847-DMC <br><br><br> **PLAINTIFF PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.'S AND DEFENDANTS THE BARRY R. KIRSHNER WILDLIFE FOUNDATION AND ROBERTA KIRSHNER'S JOINT STATUS REPORT; REQUEST FOR STATUS CONFERENCE** |

Joint Status Report
Case No. 2:25-cv-01847-DMC

Plaintiff People for the Ethical Treatment of Animals, Inc. ("PETA"), and Defendants Roberta Kirshner and the Barry R. Kirshner Wildlife Foundation (collectively, the "Kirshner Defendants"), by and through their undersigned counsel, hereby submit this Joint Status Report addressing the relevant portions of Local Rule 240(a).

The parties request a hearing with the Court for the purposes of entering a pretrial scheduling order and discussing the other matters addressed in this report and, in that regard, propose one of the following dates for the conference:  July 10, 14, 15, 17, or 21.

**1.      Service Of Process On Parties Not Yet Served.**

All defendants have been served, with the exception of Brian Thomas.  PETA has been unable to locate Mr. Thomas, and will voluntarily dismiss him from this lawsuit within thirty (30) days of the filing of this Joint Status Report.

**2.      Jurisdiction And Venue.**

The parties agree that this Court has subject-matter jurisdiction over PETA's Endangered Species Act ("ESA") claims pursuant to the ESA's citizen-suit provision, 16 U.S.C. § 1540(g), and that this Court has federal-question jurisdiction under 28 U.S.C. § 1331.  The parties agree that venue is proper in the Eastern District of California, because, at a minimum, the alleged ESA violations occurred within this judicial district.  *See* 16 U.S.C. § 1540(g)(3)(A).

PETA has filed its consent/declination of magistrate judge jurisdiction.  (*See* Dkt. 11.) The Kirschner Defendants will do so within seven (7) days of the filing of this Joint Status Report.

**3.      Whether The Action Is Required To Be Heard By A District Court Composed Of Three Judges, See L.R. 203, Or Whether The Action Draws In Issue The Constitutionality Of A Statute Or Regulation Under Circumstances Requiring Notice As Set Forth In 28 U.S.C. § 2403, Fed. R. Civ. P. 5.1 or L.R. 132.**

No.

**4.      Joinder Of Additional Parties And Amendment Of Pleadings.**

PETA anticipates that it will file a First Amended Complaint to, at a minimum, name as additional defendants certain individuals and/or entities that are currently in possession of ESA-

listed animals which PETA alleges were previously "taken" by the Kirshner Defendants and to assert claims against those individuals and/or entities for violation of the ESA.  *See* 16 U.S.C. § 1538(a)(1)(D) (making it unlawful to "possess, sell, deliver, carry, transport, or ship, by any means whatsoever, any such species taken in violation of subparagraphs (B) and (C)" of 16 U.S.C. § 1538(a)(1)).

The parties propose that the Court set a deadline of Friday, November 6, 2026 for the joinder of additional parties and amendment of the pleadings.  Such a timeframe will provide a reasonable amount of time for PETA to conduct formal discovery and informal fact investigation in order to determine the current location of the animals in question (including, at a minimum, five tigers, one ring-tailed lemur and, potentially, one wolf-dog hybrid), to exhaust the requisite administrative requirements with respect to the addition of those individuals and/or entities as defendants in the instant lawsuit (*see* 16 U.S.C. § 1540(g)(2)(A)(i); Compl. [ECF No. 1 ¶¶ 14-16), and to remove current defendants with respect to which PETA has, or expects to have in the near future, finalized and fully-implemented settlement agreements (*see* Paragraphs 5 & 16, below).

**5.      The Formulation And Simplification Of The Issues, Including Elimination Of Frivolous Claims And Defenses.**

At this early stage of the case, the parties do not see any avenue by which to simplify the issues vis-à-vis the Kirshner Defendants.  However, in connection with a settlement, PETA has voluntarily dismissed Defendants Janra Enterprises, Terrific, LLC, Megan Swartz, Big Cat Refuge, Ryan Carlson, and John-Thomas Terlitsky (collectively, the Janra Defendants").  PETA also has executed a settlement agreement with Defendant Sean Castro and anticipates that the settlement will be fully implemented (including a dismissal of Castro) in the near future.  Lastly, as noted above (*see* Paragraph 1), PETA anticipates voluntarily dismissing Defendant Brian Thomas.  As a result of the dismissal of these defendants, there will be some simplification of the issues in this matter.

**6.     The Appropriateness Of Any Variance From The Usual Filing And Service Requirements Applicable To The Action.**

At this time, the parties do not see a need to vary from any of the usual filing and service requirements.  However, PETA reserves the right to seek alternative service of the summons and any amended complaint(s), if the same were to become necessary, with respect to any individuals and/or entities added as defendants in the future.

**7.     The Disposition Of Pending Motions, The Timing Of A Motion For Class Certification, See L.R. 205, The Appropriateness And Timing Of Summary Adjudication Under Fed. R. Civ. P. 56, And Other Anticipated Motions.**

On September 11, 2025, Defendant Sean Castro filed a motion to dismiss.  (*See* ECF No. 14.)  On October 1, 2025, the Court suspended briefing on Castro's motion until all parties filed their consent/declination to proceed for all purposes before a magistrate judge.  (*See* ECF No. 28.)  This suspension remains in effect.  No other motion is currently pending.  Defendant Castro's motion to dismiss will be moot once his settlement with PETA has been fully implemented and he has been dismissed from the lawsuit.

The Complaint does not assert any claims on a class-action basis.  The parties do not believe the ESA claims at issue in this case are susceptible to summary adjudication.

**8.     Propriety Of Initial Disclosures As Contemplated By Fed. R. Civ. P. 26(a)(1); Results Of The Initial Discovery Conference; Anticipated Or Outstanding Discovery, Including The Necessity For Relief From Discovery Limits; And The Control And Scheduling Of Discovery, Including Deferral Of Discovery, Whether To Hold Further Discovery Conferences, And Other Orders Affecting Discovery Pursuant To Fed. R. Civ. P. 26 and 29 through 37.**

The parties agree that initial disclosures should be exchanged as between PETA and the Kirshner Defendants.  The parties agree to serve their initial disclosures on or before Friday, June 19, 2026.

An initial discovery conference was held on Monday, May 4, 2026, between PETA and the Kirshner Defendants.

Joint Status Report
Case No. 2:25-cv-01847-DMC

***

Plaintiff PETA:  PETA will take the deposition of Roberta Kirshner in the first instance. Additionally, PETA anticipates that it will take the depositions of a number of other individuals with knowledge of the care and handling of the ESA-protected animals previously held captive at the former Kirshner facility in Oroville, California (including, without limitation, Kirshner Foundation employees, other staff members and volunteers, veterinarians, and entities and/or individuals that took possession of animals upon the Kirshner Foundation's cessation of operations); and persons and/or entities that are currently in possession of certain animals (namely, the tigers, ring-tailed lemur, and wolf-dog hybrid).  The number of these additional depositions will depend on the extent to which the Kirshner Defendants dispute the factual allegations in the Complaint regarding the manner in which the ESA-protected animals were cared for and handled when held captive at the former Kirshner facility in Oroville.  PETA will propound written discovery on the Kirshner Defendants, including Requests For Production Of Documents, Interrogatories, and Requests for Admission.  PETA also anticipates that it will serve third-party document subpoenas—at a minimum, on every non-party deponent.

Kirshner Defendants:  In undergoing discovery, the Kirshner Defendants would seek to propound written discovery on the Plaintiff (Interrogatories, Requests for Admission, Requests for Production of Documents).  Depending on the answers to written discovery, depositions could be necessary.  The Kirshner Defendants would also seek to propound the same written discovery on PETA Plaintiffs suing under an Aesthetic Injury claim and seek to depose said Plaintiffs.

***

At this early stage of the case, the parties do not foresee any need to deviate from the presumptive limits on discovery set forth in the Federal Rules of Civil Procedure nor to defer any discovery or hold a further discovery conference.

**9.    The Avoidance Of Unnecessary Proof And Of Cumulative Evidence, And Limitations Or Restrictions On The Use Of Testimony Under Fed. R. Evid. 702.**

At this early stage of the case, the parties do not foresee the need for any such special methods beyond those provided by the Federal Rules of Civil Procedure and Federal Rules of

Evidence.

**10.   The Possibility Of Obtaining Admissions Of Fact And Of Documents That Will Avoid Unnecessary Proof, Stipulations Regarding The Authenticity Of Documents, And Advance Rulings From The Court On The Admissibility Of Evidence.**

It is too early in the proceedings for the parties to evaluate the possibility of obtaining admissions of fact and of documents in order to avoid unnecessary proof.  Indeed, in this regard, much will depend on the litigation positions of the Kirshner Defendants.  It also is premature to assess the possibility of stipulations regarding the authenticity of documents as well as the need and efficacy of advance rulings from the Court regarding the admissibility of evidence.

**11.   Further Proceedings, Including Setting Dates For Further Conferences, For The Completion Of Motions And Discovery And For Pretrial And Trial; The Appropriateness Of An Order Adopting A Plan For Disclosure Of Experts Under Fed. R. Civ. P. 26(a)(2), Or An Alternative Plan; And The Appropriateness Of An Order Establishing A Reasonable Limit On The Time Allowed For Presenting Evidence.**

The parties propose to submit a further joint status report fourteen (14) days in advance of the scheduling conference set by the Court.  In that report, the parties will set forth their proposed litigation schedule.

**12.   Modification Of The Standard Pretrial Procedures Specified By These Rules Because Of The Relative Simplicity Or Complexity Of The Action.**

At this early stage of the case, it is not possible to evaluate whether there will be a need to modify the standard pretrial procedures.

**13.   The Appropriateness Of An Order For A Separate Trial Pursuant To Fed. R. Civ. P. 42(b) With Respect To A Claim, Counterclaim, Cross-Claim, Or Third-Party Claim, Or Affirmative Defense, Or With Respect To Any Particular Issue In The Action.**

At this early stage of the case, it is not possible to evaluate whether it will be appropriate to conduct a separate trial pursuant to Fed. R. Civ. P. 42(b).

**14.    The Appropriateness Of An Order Directing A Party Or Parties To Present Evidence Early In The Trial With Respect To A Manageable Issue That Could, On The Evidence, Be The Basis For A Judgment As A Matter Of Law Under Fed. R. Civ. P. 50(a) Or A Judgment On Partial Findings Under Fed. R. Civ. P. 52(c).**

At this early stage of the case, it is not possible to evaluate whether it will be appropriate to direct a party to present evidence regarding a specific issue early in any trial.

**15.    Appropriateness Of Special Procedures, Such As Reference To A Special Master Or Magistrate Judge Or The Judicial Panel On Multidistrict Litigation, Or Application Of The Manual For Complex Litigation.**

The parties do not believe this case is or will be appropriate for any such special procedures.

**16.    The Prospects For Settlement And The Use Of Special Procedures To Assist In Resolving The Dispute When Authorized By Statute Or These Rules, Provided, However, That Counsel Shall Not, In The Absence Of A Written Stipulation, Reveal Any Offers Made Or Rejected During Settlement Negotiations, And Counsel Shall Specify Whether They Will Stipulate To The Trial Judge Acting As Settlement Judge And Waive Any Disqualification By Virtue Thereof.**

PETA has executed a settlement agreement with the Janra Defendants and has dismissed them from this lawsuit..

PETA and Defendant Castro have executed a settlement agreement.  In the near future, the settlement should be fully implemented (including the dismissal of Castro).

PETA and the Kirshner Defendants have engaged in preliminary settlement discussions. PETA and the Kirshner Defendants believe that it would be worthwhile to have a settlement conference with the assigned magistrate or a district judge and will enter into any appropriate stipulation in that regard.

**17.    The Appropriateness Of Alternate Dispute Resolution, Such As This District's Voluntary Dispute Resolution Program (VDRP), Or Any Other Alternative Dispute Resolution Procedure.**

The parties do not believe that alternative dispute resolution procedures would be worthwhile—but, as noted above in Item 16, PETA and the Kirshner Defendants believe that a settlement conference with Magistrate Judge Cota or a district judge would be beneficial.

**18.    Any Other Matters That May Facilitate The Just, Speedy And Inexpensive Determination Of The Action.**

The Kirshner Defendants, specifically including Roberta Kirshner, must disclose all information in their possession regarding the location of all ESA-protected animals previously held captive at the former Kirshner facility in Oroville and must take all available measures to facilitate the relocation of the ESA-protected animals to appropriate animal sanctuaries.  The sooner Ms. Kirschner provides PETA with this information, and the sooner the ESA-protected animals are relocated to appropriate sanctuaries, the sooner this litigation may be capable of informal resolution.

Date     May 29, 2026.

                                    Respectfully submitted,

                                    */s/ Chris A. Hollinger*
                                    Chris A. Hollinger (SBN 147637)
                                    chollinger@omm.com
                                    Kaitlyn A. Gosewehr (SBN 313458)
                                    kgosewehr@omm.com
                                    Andrew N. Ezekoye (SBN 360536)
                                    aezekoye@omm.com
                                    O'MELVENY & MYERS LLP
                                    2 Embarcadero Center, 28th Floor
                                    San Francisco, California  94111
                                    Telephone:    (415) 984-8700
                                    Facsimile:    (415) 984-8701

                                    Laura K. Kaufmann (SBN 329714)
                                    lkaufmann@omm.com
                                    O'MELVENY & MYERS LLP
                                    400 South Hope Street, Suite 1900
                                    Los Angeles, California  90071
                                    Telephone:    (213) 430-6000
                                    Facsimile:    (213) 430-6407

Asher Smith (NY Bar #5379714) (admitted *pro hac vice*)
Raquel Panza (NY Bar #5963251) (admitted *pro hac vice*)
PETA FOUNDATION
1536 16th Street, NW
Washington, DC  20036
Telephone:    (202) 483-7382
Facsimile:    (202) 540-2208


*Counsel for Plaintiff People for the Ethical Treatment of Animals, Inc.*


*/s/ Patrick Michael Ciocca*
Patrick Michael Ciocca (SBN 219418)
pmcesq1@gmail.com
2901 Cleveland Avenue, Suite 201
Santa Rosa, CA  95403-2788
Telephone:    (415) 265-4200
Facsimile:    (707) 286-0058

*Counsel for Defendants The Barry R. Kirshner Wildlife Foundation and Roberta Kirshner*

**SIGNATURE ATTESTATION**

I, Chris A. Hollinger, hereby attest under penalty of perjury that I have the authority to sign this document on behalf of counsel for the Kirshner Defendants, who has authorized the submission of this stipulation on his behalf.  Pursuant to Local Rule 131(e), I further certify that no physical original signature of counsel for the Kirshner Defendants exists, but that his authorization has been duly obtained via e-mail and documented.  I will retain records of this authorization for one year following the exhaustion of all appeals in this matter and will produce such records for inspection if requested by the Court.

*/s/ Chris A. Hollinger*
Chris A. Hollinger